**Exhibit 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:18-cv-00987

WILDERNESS WORKSHOP, *et al.*,

    Petitioners,

v.

U.S. BUR. OF LAND MGMT, *et al.*,

    Federal Respondents,

and

AMERICAN PETROLEUM INSTITUTE

    Intervenor Respondent

## SETTLEMENT AGREEMENT

Petitioners Wilderness Workshop, Center for Biological Diversity, Living Rivers: Colorado Riverkeeper, and Sierra Club ("Petitioners") and Federal Respondents U.S. Bureau of Land Management ("BLM") et al. ("Federal Respondents") (together with Petitioners, "the Parties") have reached an agreement to resolve this case, with the Parties agreeing to undertake and perform the measures set forth in this Settlement Agreement ("Agreement").

WHEREAS on April 26, 2018, Petitioners brought this action challenging BLM's approval of 53 oil and gas leases in Western Colorado (the "subject leases") through two

Decision Records, which approved lease auctions on December 8, 2016 and December 7, 2017, and where, Petitioners alleged violations of the National Environmental Policy Act ("NEPA");

WHEREAS, Federal Respondents deny any violation of law for the issuance of those leases;

WHEREAS, the subject leases were sold at lease auctions held on December 8, 2016 and December 7, 2017;

WHEREAS, the subject leases are located in areas managed pursuant to either the Colorado River Valley Field Office Resource Management Plan ("RMP") or the Grand Junction Field Office RMP;

WHEREAS, both the Colorado River Valley Field Office RMP and environmental impact statement ("EIS") and the Grand Junction Field Office RMP and EIS have been challenged in federal court;

WHEREAS, Federal Respondents are completing supplemental NEPA analysis for the Colorado River Valley Field Office RMP and EIS, pursuant to a settlement agreement reached in 16-cv-1822, before this Court;

WHEREAS, Federal Respondents have proposed to complete supplemental NEPA analysis for the Grand Junction Field Office RMP and EIS, in a pending motion for voluntary remand in 19-cv-2869, before this Court;

WHEREAS, the Parties believe it is in the best interest of the public, the Parties, and judicial economy to resolve the claims in this case, and have reached agreement as to those claims and related issues as embodied in this Agreement.

THEREFORE, the Parties agree as follows:

1) The Parties agree that BLM will complete a Supplemental EIS for the Colorado River Valley Field Office RMP and the Grand Junction Field Office RMP, observing all relevant procedural requirements in 40 C.F.R §§ 1500 et. seq., and pursuant to the terms of the settlement agreement for the Colorado River Valley RMP. The Parties recognize that this Court's order resolving the pending motion for remand in the Grand Junction RMP litigation may impose additional requirements on BLM's supplemental NEPA process.

2) The Parties agree that following completion of that Supplemental EIS, BLM will determine what level of additional NEPA review, if any, is required to address the leasing decisions at issue in this case.

3) Pending completion of points 1 and 2 above, including the completion of any additional NEPA review that BLM determines is required to address the leasing decisions at issue in this case, BLM agrees not to approve any Applications for Permits to Drill on the subject leases.

4) Pending completion of points 1 and 2 above, including the completion of any additional NEPA review that BLM determines is required to address the leasing decisions at issue in this case, BLM will agree not to approve any new unitization actions on the subject leases. BLM agrees to notify Plaintiffs if and when they receive any requests from an operator for an extension or suspension of units that contain any of the challenged leases.

5) The Parties agree that they will submit to the Court a stipulation of dismissal and proposed order dismissing the case with prejudice, pursuant to Fed. R. Civ. P. 41, within seven days of execution of this Agreement. The Court shall retain jurisdiction solely for the purposes of determining compliance with this Agreement and any motion for attorneys' fees and costs filed by Petitioners in accordance with the Equal Access to Justice Act. In the event of a dispute

arising out of or relating to this Agreement, or in the event a party believes another party has failed to comply with any term or condition of this Agreement, the party raising the dispute or seeking enforcement shall provide the other parties with written notice of the claim. The Parties agree that they will meet and confer (either telephonically or in person) in a good faith effort to resolve any requests, disputes, or claims before seeking further relief. If the Parties are unable to resolve the request, dispute, or claim themselves within 60 days of the receipt of the written notice of a request, dispute or claim (or such longer time to which they agree), then the Parties may seek relief from this Court.  The Parties agree that they will not seek contempt of court as an available remedy for any alleged violation of this Agreement, and the Parties therefore knowingly waive any right they might have to seek an order of contempt for any such alleged violation.

6) The Parties agree that BLM will provide a status report on all the subject leases at issue in this case to the Parties prior to the finalization of this settlement agreement and provide the following information: a) whether the leases have been suspended, b) which leases have been included in units or communization agreements, c) whether the leases have wells drilled on them or into them, and what the API well numbers are, d) whether any wells are producing or have produced, e) who the leases holders are, and f) confirmation that rentals and royalties have been paid on the subject leases.

7) Any future challenge to the adequacy of the leases following the completion of BLM's supplemental NEPA analysis required by this Agreement must take the form of a new civil action under the judicial review provisions of the Administrative Procedure Act, and may not be asserted as a claim for violation of this Agreement or in a motion to enforce the terms of this

Agreement. Nothing in this Agreement precludes or limits Petitioners from raising any claims against the supplemental NEPA analysis or future decision documents relating to the subject leases.

8) This Agreement is the result of compromise and settlement, and it is based on and limited solely to the facts involved in this case. This Agreement does not represent an admission by any party to any fact, claim, or defense concerning any issue in this case. Further, this Agreement has no precedential value and shall not be used as evidenced by any party in any other litigation except as necessary to enforce the terms of the Agreement.

9) No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Federal Respondents take action in contravention of the Administrative Procedure Act, the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

10) The undersigned representatives of the Petitioners and Federal Respondents certify that they are fully authorized by the respective Parties whom they represent to enter into the terms and conditions of this Agreement and to legally bind such Parties to it.

11) This Agreement contains all of the terms of agreement between the parties concerning the Petition, and is intended to be the final and sole agreement between the parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

12) This Agreement represents the entirety of the undersigned Parties' commitments with regard to settlement. The Agreement is binding on Petitioners and Federal Respondents once signed by both parties.

Entered this 4th day of January, 2021.

/s/ Kyle Tisdel

Kyle Tisdel
Western Environmental Law Center
208 Paseo del Pueblo Sur, Suite 602
Taos, New Mexico 87571
Tel: (575) 613-8050
tisdel@westernlaw.org

Diana Dascalu-Joffe
Center for Biological Diversity
1536 Wynkoop Street, Suite 421
Denver, CO 80202
Tel: (720) 925-2521
Fax: (303) 572-0032
ddascalujoffe@biologicaldiversity.org

Wendy Park
Center for Biological Diversity
1212 Broadway, # 800
Oakland, CA 94612
Tel: (510) 844-7138
Fax: (510) 844-7150
wpark@biologicaldiversity.org

*Attorneys for Petitioners*

PAUL E. SALAMANCA
Deputy Assistant Attorney General

/s/ Caitlin Cipicchio

Caitlin Cipicchio
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M St. NE
Washington, DC 2002
(202) 305-0503
Email: caitlin.cipicchio@usdoj.gov

*Attorneys for Federal Respondent*